UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

    Plaintiff,

vs.

CITY OF MIAMI, FLORIDA

    Defendant.

_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint and sues the City of Miami, Florida ("Defendant") for declaratory and injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12131 et seq. ("ADA") and 28 C.F.R. Part 35 and alleges as follows:

**INTRODUCTION**

1. This action alleges that the City of Miami, Florida has violated federal laws and regulations by failing to ensure that its Parking Lot #31 accommodates individuals with disabilities by insuring that access to this parking lot is available to individuals with disabilities by removing barriers to access.

**JURISDICTION AND PARTIES**

2. This is an action for declaratory and injunctive relief pursuant to Title II of the Americans With Disabilities Act, 42 U.S.C. §§ 12131-12133 ("ADA") and 28 C.F.R. Part

1

35. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the Southern District of Florida.

4. Plaintiff Jesus Gonzalez lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. The Plaintiff is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12131(2) and in 28 C.F.R. §35.108(a)(1)(i).

5. Plaintiff also has a verified disability handicap parking placard issued by the State of Florida Department of Motor Vehicles, and thus is regarded as having such impairment according to 42 US Code §12102(3) and is entitled to park in designated disabled/accessible parking spaces.

6. Defendant City of Miami, Florida is a political subdivision of the State of Florida, is responsible for providing public parking, parks and recreation to citizens, residents, and visitors to the City of Miami and is within the jurisdiction of this court as a public entity subject to 42. U.S.C. §12131(1)(b).

**FACTS**

7. At all times material hereto, Defendant has operated, controlled and/or managed the City of Miami Parking Lot #31 through the Miami Parking Authority (which is a division of the City of Miami governance) which Defendant has made available to the general public.

8. The City of Miami Parking Lot #31 (also referenced as "Lot #31" or as "parking lot") is located across the street (under the overpass) from 1700 SW 3rd Avenue,

Miami, Florida 33129. Parking Lot #31 consists of paved designated parking available for the general public including designated accessible parking spaces.

9. Since Lot #31 provides an accommodation to the general public and Defendant (a public entity) is the maintainer, controller and/or operator of that parking lot, Lot #31 is likewise subject to Title II of the ADA.

10. On July 25, 2022 Plaintiff was intent on patronizing Perricone's restaurant located at 1700 SW 3rd Avenue, Miami, Florida 33129, which was across the street from Lot #31. Plaintiff parked his car in Lot #31 with the purpose of then perambulating across the street to the restaurant.

11. As a disabled individual who uses a wheelchair, Plaintiff encountered barriers to access within Lot #31.

12. Plaintiff has parked within Lot #31 in the past and continues to desire to park at Lot #31 in the future but Plaintiff continues to be injured in that he is concerned that he will again be discriminated against due to the barriers to access within Lot #31 which are in violation of state statutes and 28 C.F.R. §35.133(a) which states "A public entity shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities."

13. By Defendant's behavior and actions in failing to provide accessible parking which meets the requirements of accessibility, Defendant has been unreasonable and discriminatory.

14. The Defendant is a public entity and its departments (including the Miami Parking Authority) is operated by individuals whom are well aware of the necessity of compliance with the requirements for the need to provide equal access to individuals with

disabilities in accordance with the ADA. Defendant has failed to follow 28 C.F.R. §35.136 and the guidelines and requirements for the provision of equal access to individuals with disabilities in accordance with the ADA at its Lot #31 parking lot.

15. Defendant's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that Parking Lot #31 is fully accessible for mobility impaired patrons is/was willful, malicious, and oppressive and in disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §35.130(a).

16. Defendant's discrimination has resulted in the Plaintiff being denied full and equal access to, and full and equal enjoyment of the accommodations at Lot #31.

17. Defendant is subject to Title II of the ADA, because it maintains, controls, and/or operates Lot #31 which is open to the general public.

18. As a public entity, Defendant knew or should have known of the prohibitions to access caused by the failure of the Defendant to maintain a fully accessible parking lot.

19. As a public entity, Defendant has discriminated against the Plaintiff when the Plaintiff (a person with a disability) encountered barriers to access in his use of City of Miami provided parking (in this instance, at Lot #31); 41 U.S.C. §12132.

20. As a result of discrimination by Defendant, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

21. Any and all requisite notice has been provided.

22. For all of the foregoing, Plaintiff has no adequate remedy at law.

23. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of

4

this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

**COUNT I – PUBLIC LOT #31 ACCESS - VIOLATIONS OF TITLE II OF THE ADA**

24.     42 U.S.C. §12131(1)(b) states that a public entity includes any department of a state or local government. Defendant is subject to the purview of Title II of the ADA because Defendant is a political subdivision of the State of Florida. Parking Lot #31 is also subject to the purview of Title II of the ADA as it is a parking lot maintained, controlled and operated by the Miami Parking Authority (a division of Defendant's city operations).

25.     28 C.F.R. §35.130 states that a public entity cannot deny a qualified individual with a disability the benefits of services, programs or activities 28 C.F.R. §35.130(b)(1)(i) states that a public entity may not deny an individual the opportunity to participate in or benefit from aid, benefit, or service on the basis of disability.

26.     Plaintiff has alleged that Defendant has denied him the opportunity to utilize Lot #31 in the same manner as non-disabled individuals due to barriers to access with the parking lot.

27.     28 C.F.R. §35.130(b)(1)(ii) states that a public entity may not provide unequal aid, benefit, or service to a disabled individual. In the instant case, Defendant has maintained Lot #31 in such a manner that full access has been denied Plaintiff. Defendant's policy decisions have resulted in denial of independent access to the parking lot (Lot #31) as the general public has been provided.

28.     28 C.F.R. §35.130(b)(1)(vii) states that a public entity may not limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service. In the instant case,

5

Defendant failed to provide Plaintiff full access to Lot #31 at the time that members of the general public are permitted that same access. In doing Defendant has denied Plaintiff the ability to fully enjoy Lot #31 in the equal manner as afforded the general public.

29. Public entities are required to provide full and equal enjoyment of their services, programs, and activities in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12131, *et seq.*; 28 C.F.R. Part 35. Specifically, the public entity must:

    a) Ensure that no individual is discriminated against on the basis of disability or excluded from participation or denied the benefits of services, programs, or activities. 28 C.F.R. §35.130(a),

    b) Ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals unless the public entity can demonstrate that taking those steps to modify policies, practices, or procedures would fundamentally alter the nature of the service, program, or activity. 28 C.F.R. §35.130(b)(7).

    c) Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals unless the public entity can demonstrate that legitimate safety requirements are necessary for safe operation. Any safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities; 28 C.F.R. §35.130(h).

30. By Defendant's failure to maintain Lot #31 in such a manner as to allow Plaintiff equal access as afforded the general public, Defendant has violated Title II of the ADA in numerous ways, including discriminatory action which occurred when Defendant:

   a) Failed to maintain policies and procedures to ensure compliance with Title II of the ADA and of 28 C.F.R. §35.130; specifically, policies that provide equal access to Lot #31 by individuals with disabilities,

   b) Excluded the Plaintiff from equal access to Lot #31 during such time that the general public had access to these amenities, in violation of 28 C.F.R. §35.149.

   c) Denied full and equal access to, and full and equal enjoyment of, accommodations of the public entity's Lot #31 in violation of 42 U.S.C. §12132.

31. Defendant is in violation of 42 U.S.C. §12131 *et seq.*, the ADA and 28 C.F.R. Part 35 *et seq.*, and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. Plaintiff had difficulty exiting his vehicle, as designated accessible parking space access aisles are located on an excessive slope (which is over 2.1%). This is in violation of Section 4.6.3 of the ADAAG which states that parking spaces shall be level with surface slopes not exceeding 1:50 (2%) in all directions. This is also a violation of Section 502.4 of the 2010 ADA Standards for Accessible Design which states that parking spaces and access aisles serving them shall comply with Section 302 (floor and ground surfaces shall be stable, firm, and slip resistant) and that access aisles shall be at the same level as the parking spaces they serve. Defendant's failure to provide accessible means of egress from the parking space to the entrance

    of Lot #31 due to the slope of the accessible parking space access isles is a violation of 2010 ADA Standards for Accessible Design Section 207.1 (general compliance with building codes) and Section 502.4.

 ii. Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces themselves are located on an excessive slope. This is a violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design. Section 4.6.3 states that parking spaces shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

32. As a public entity, pursuant to 28 C.F.R. §35.105, Defendant is required to evaluate its services, policies, and practices within its public areas (such as Parking Lot #31) and if they do not meet the requirements for accessibility as per Section 25, the public entity shall proceed to make the necessary modifications

33. Pursuant to 42 U.S.C. §12133, this Court is vested with the authority to grant the Plaintiff injunctive relief, including an order to alter the facilities at Lot #31 to make the designated accessible parking spaces within Lot #31 accessible to (and useable by) individuals with disabilities (including those individuals with disabilities who are mobility impaired) as required by the ADA.

34. The Court is vested with the authority to require Defendant (a public entity) to assure that Lot #31 accommodates mobility impaired individuals with disabilities who require access to the parking facilities.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff Jesus Gonzalez respectfully prays that this Court grant the following relief against Defendant City of Miami, Florida including entering a declaratory

8

judgment stating that Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title II of the ADA and further:

    a)    The Court enter an order for permanent injunction pursuant to 42 U.S.C. § 12133 and 29 CFR §794(a) which requires Defendant take all steps necessary to alter the facilities at the City of Miami Parking Lot #31 such that the parking lot is accessible to and usable by individuals with disabilities to the full extent required by the Title II of the ADA;

    b)    The Court enter an Order requiring Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities and to promulgate and comply with policies and procedures to ensure that Defendant and its staff and representatives within the Miami Parking Authority do not discriminate against individuals who are disabled and who are mobility impaired with respect to Lot #31;

    c)    The Court award taxable costs of suit;

    d)    The Court award reasonable attorney's fees pursuant to 42 U.S.C. § 12205 and 29 CFR §794(a); and

    e)    The Court awards such other relief as it deems necessary, just and proper.

Dated September 26, 2022.

                                    Respectfully submitted,

                                    */s/ J. Courtney Cunningham*
                                    J. Courtney Cunningham, Esq.
                                    J. COURTNEY CUNNINGHAM, PLLC
                                    FBN: 628166
                                    8950 SW 74th Court, Suite 2201
                                    Miami, Florida 33156

Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*